UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cr-00263-RJC

| | |
|---|---|
| USA, | ) |
| | ) |
| Plaintiff, | )  ORDER |
| | ) |
| vs. | ) |
| | ) |
| ROBERT CHAVIUS FLOYD (3), | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon motion of the defendant pro se requesting that the Court modify its sentence. (Doc. No. 445).

The defendant seeks a reduction based on time he spent in county jail on allegedly relevant conduct to his federal sentence under USSG §5G1.3 and his participation in substance abuse treatment under 18 U.S.C. § 3621(e)(2)(B). (Id. at 1). The motion fails, however, to state any legal basis for altering the oral pronouncement of the sentence after the fourteen-day deadline in Fed. R. Crim. P. 35(a) had passed to seek correction of arithmetical, technical, or other clear error.[1] Therefore, the Court lacks jurisdiction to consider the defendant's request to modify his sentence. United States v. Shank, 395 F.3d 466, 470-471 (4th Cir. 2005). Additionally, § 3621(e)(2)(B) gives the Bureau of Prisons, not the Court, discretion to lower a sentence for successful completion of the Residential Drug Addiction

---

[1] The Court sentenced the defendant on March 2, 2015, but the motion is dated June 28, 2018.

Program. <u>Pelissero v. Thompson</u>, 170 F.3d 442, 444 (4th Cir. 1999). If a defendant is not given the sentencing credit he thinks he deserves, his recourse is first to seek an administrative remedy, 28 C.F.R. § 542.10, and after that to file a petition under 28 U.S.C. § 2241 in the district of confinement.[2] <u>Id.</u>

**IT IS, THEREFORE, ORDERED** that the defendant's motion (Doc. No. 445) is **DISMISSED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and the United States Attorney.

Signed: August 15, 2018

Robert J. Conrad, Jr.
United States District Judge

---

[2] The defendant is incarcerated at FCI McDowell in Welch, West Virginia. (Doc. No. 445: Motion at 1).